# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SEJAL PATEL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action File No.** |
| v. | ) | |
| | ) | |
| INDER PAUL SINGH, | ) | **JURY TRIAL DEMANDED** |
| and NORTHLAKE FAMILY | ) | |
| MEDICINE, P.C. | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Sejal Patel (hereinafter "Patel"), by and through undersigned counsel, and hereby files this Complaint for Damages against Inder Paul Singh (hereinafter "Singh") and Northlake Family Medicine, P.C. (hereinafter "Northlake") (hereinafter collectively referred to as the "Defendants"), pursuant to § 216(b) of the Fair Labor Standards Act of 1938, showing as follows:

## INTRODUCTION

1.

On or about August 19, 2016, Singh hired Patel to work as a billing coordinator for Northlake.

2.

The instant action arises from Defendants' violations of Patel's right to minimum wages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA").

3.

During Patel's employment with Northlake, Defendants violated the FLSA by failing to timely pay Patel at the legally required minimum wage rate for all hours worked. As a result, Patel is seeking unpaid minimum wages, unpaid regular wages, liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b) and applicable law.

## JURISDICTION AND VENUE

4.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

5.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) and (c) because the acts complained of occurred within the State of Georgia and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

6.

Patel resides in Lawrenceville, Georgia (within this District) and is a citizen of the United States.

7.

At all times material to this action, Patel was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States.  Patel is further covered by §§ 203 and 207 of the FLSA for the period in which she was employed by Defendants.

8.

Northlake is a Georgia company with its principal office located at 2130 LaVista Executive Park, Tucker, GA, 30084. Singh is the registered agent located at 1462 Montreal Rd., Suite 107, Tucker, GA, 30084. Northlake regularly does business in the State of Georgia. At all times material hereto, Northlake was an "employer" of Patel for purposes of the FLSA, and Northlake is jointly and severally liable for the failure to pay Patel as required.

9.

On December 7, 2016, Northlake administratively dissolved.  Patel's paystubs list 2135 Northlake Pkwy Tucker, Ga 30084 as Northlake's address.

10.

Singh is a Georgia resident. On information and belief, Singh is the owner and registered agent of Northlake. At all times material hereto, Singh exercised control over significant aspects of the operations of Northlake, including employee compensation and the licensed doctor at the practice. Singh personally played a substantial role in causing the FLSA violations set forth in this complaint. As a result, Singh was an "Employer" of Patel for purposes of the FLSA, and Singh is jointly and severely liable for the failure to pay Patel as required. Defendants maintained either actual or constructive control, oversight and direction of its employees, including the employment, pay, and other practices.

11.

At all times hereto, Patel handled, sold, and/or worked with goods or materials that have been moved in or produced for interstate commerce, and she was thus engaged in interstate commerce during her employment with the Defendants.

12.

At all times material to this action, Northlake and Singh were Patel's "joint employer" for purposes of the FLSA due to an arrangement between the individual Defendants to share the services of Patel, and/or because of one of the individual Defendants acted directly or indirectly in the interest of the other Defendants in relation to Patel, and/or because the individual Defendants shared control of Patel's

employment, and/or because one Defendant controls the other Defendant, and/or because the Defendants are under common control.

13.

At all times material hereto, the Defendants had two or more employees who handled, sold, or otherwise worked on goods or materials that were moved in or produced for interstate commerce. Thus, the Defendants were an enterprise engaged in interstate commerce or in the production of goods for interstate commerce for purposes of FLSA.

14.

At all times material hereto and upon information and belief, Defendants have produced at least $500,000 in annual gross volume of sales made or business done.

**FACTUAL ALLEGATIONS**

15.

On or about August 19, 2016, Defendants hired Patel to work as billing coordinator at Northlake. On or about June 13, 2017, Defendants terminated Patel.

16.

Upon information and belief, Northlake provides pediatrics, family medicine, and women's care for people in Georgia.

17.

Northlake is located at 2135 Northlake Pkwy Tucker, Georgia 30084.

18.

Upon information and belief, Northlake has at least $500,000 of annual gross volume of sales made or business done.

19.

Northlake has employees handling, selling, or otherwise working on goods or materials that have moved in or produced for commerce by any person.

20.

Patel's position as a billing coordinator required her to work with goods and materials that have moved in or produced for commerce by any person.

21.

Defendants agreed to pay Patel at the rate of $7.25 per hour for each hour worked.

22.

Defendants continually fell behind in payments and failed to pay Patel at all for a total of 364.50 hours.

23.

Thus, on June 13, 2017, when Northlake terminated Patel's employment, Defendants owed Patel $2,642.63 in unpaid wages. Defendants were aware of the

fact that Patel did not receive proper compensation as required by federal law.  In fact, Patel notified Defendants several times about the missing payments, but Defendants continued to withhold her pay, in bad faith. This failure to pay Patel for the appropriate amount of hours she worked amounts to a willful violation of the FLSA, and Patel is therefore further entitled to liquidated damages in an amount equal to the unpaid wages, an additional $2,642.63.

24.

Patel repeatedly asked Singh for her wages. Singh refused to pay Patel her wages.

25.

Instead of paying Patel, Singh terminated Patel for asking for her wages.

26.

Upon her termination, Singh demanded money from Patel and handed her a medical bill for services that she does not owe.  Patel does not owe Singh any money.

27.

By unjustifiably refusing to compensate Patel for hours worked, Defendants acted in bad faith, were stubbornly litigious, and caused Patel unnecessary trouble and expense.

28.

Defendants have not made a good faith effort to comply with the FLSA with respect to Patel.

## COUNT ONE: FLSA VIOLATION (MINIMUM WAGE)

29.

Patel re-alleges and incorporates Paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

30.

At all times relevant hereto, Patel was a non-exempt employee for purposes of the FLSA. Thus, Defendants were obligated to pay Patel at a rate not less than the minimum hourly wage of $7.25 per hour.

31.

By failing to properly pay Patel in accordance with § 206 of the FLSA, despite knowledge of Patel's status as a non-exempt employee, Defendants willfully, intentionally, knowingly, and/or recklessly violated the FLSA, in bad faith.

32.

As a result of Defendants' willful violation of the FLSA's minimum wage provisions, Patel is entitled to damages, including, without limitation, unpaid wages

sufficient to compensate Patel at the minimum wage rate for all hours worked, liquidated damages, attorneys' fees, and costs.

## COUNT TWO: VIOLATION OF FLSA (INTERFERENCE)

33.

Patel re-alleges and incorporates Paragraphs 1 through 32 of this Complaint, as if fully set forth herein.

34.

Patel engaged in protected activity when she requested the payment of the unpaid minimum wages owed to her by Defendants and filed a lawsuit against Defendants to recover those wages.

35.

As set forth above, following Patel's attempt to retrieve her wages, Defendants fired Patel and demanded money from her.  Defendants interfered with Patel's effort to enforce her federally protected right to be paid at least minimum wage for all hours she worked, to be free from interference with those federally protected rights and to be free from retaliation for her efforts to enforce her rights.

36.

Defendants intended to interfere with Patel's federally protected rights by falsely accusing Patel of her duty to pay a bill and terminating her.

9

37.

But for concern that Patel would pursue an FLSA claim for unpaid wages and other relief, Defendants would not have falsely demanded she pay money for services not even owed to them.

38.

A reasonable employee would find Defendants' actions materially adverse, and Defendants' interference would dissuade a reasonable worker from making or pursuing claims of violations under the FLSA in fear of termination.

39.

As a result of Defendants' interference, Patel is entitled to all legal and equitable relief available pursuant to the FLSA.

## COUNT THREE: VIOLATION OF FLSA (RETALIATION)

40.

Patel re-alleges and incorporates Paragraphs 1 through 39 of this Complaint, as if fully set forth herein.

41.

Patel engaged in protected activity when she requested payment of the unpaid wages owed to her by Defendants and when she filed a lawsuit against Defendants to recover those wages.

42.

As set forth above, following Patel's effort to collect the minimum wages Defendants owed her, Defendants terminated Patel and demanded money from her.

43.

Defendants acted with retaliatory motive in firing Patel for requesting minimum wages Defendants owed her. But for Patel's efforts to collect the minimum wages, she would not have been fired.

44.

As a result of Defendants' retaliation, Patel is entitled to all legal and equitable relief available pursuant to FLSA.

## COUNT FOUR: ATTORNEYS' FEES AND EXPENSES

45.

Patel re-alleges and incorporates Paragraphs 1 through 44 of this Complaint, as if fully set forth herein.

46.

Patel has retained undersigned counsel to represent her in this action and has incurred costs and reasonable attorneys' fees.

47.

Pursuant to 29 U.S.C. § 216(b), Patel is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

48.

Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Patel.

49.

As set forth above, Defendants have acted in bad faith, have been stubbornly litigious, and have caused Patel unnecessary trouble and expense.

50.

As a result of Defendants' conduct as set forth herein, and pursuant to O.C.G.A. § 13-6-11, Defendants should be required to reimburse Patel for the attorneys' fees and costs incurred to prosecute this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Patel, pursuant to § 216(b) of the FLSA, prays for the following relief:

(a)    that she be awarded damages in the amount of her unpaid compensation, plus an equal amount of liquidated damages;

(b)    that she be awarded the costs and expenses of this action; and

(c)    that this Court enter such other and further relief as is just and proper under the circumstances.

Respectfully submitted this <u>5th</u> day of October, 2017.

**COHAN LAW GROUP, LLC**

*/s/ Louis R. Cohan*

LOUIS R. COHAN
Georgia Bar No. 173357
ARIEL D. FENSTER
Georgia Bar No. 420858

3340 Peachtree Road, NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
afenster@cohanlawgroup.com

I further certify that the foregoing has been prepared in a Times New Roman 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

**COHAN LAW GROUP, LLC**

*/s/ Ariel D. Fenster*

ARIEL D. FENSTER
Georgia Bar No. 420858