# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SEJAL PATEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil Action File No. |
| v. ) | 1:17-cv-03901-LMM |
| ) | |
| INDER PAUL SINGH, ) | JURY TRIAL DEMANDED |
| and NORTHLAKE FAMILY ) | |
| MEDICINE, P.C. ) | |
| ) | |
| Defendants. ) | |

## ORDER AND JUDGMENT
## ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This case comes before the Court on Plaintiff Sejal Patel's Motion for Default Judgment. [Doc. 11.] Plaintiff asks the Court to grant default judgment against Defendants Inder Paul Singh ("Singh") and Northlake Family Medicine, P.C. ("Northlake") (collectively, "Defendants"). After a review of the record and due consideration, the Court enters the following Order and Judgment:

### I.   BACKGROUND

On or about August 19, 2016, Defendants hired Plaintiff to work as a billing coordinator. [Doc. 1 ¶ 15; *see* Aff. of Pl. Sejal Patel [Doc. 12] ¶ 3.] On or about June 13, 2017, Defendants terminated Plaintiff. [*Id.*]

1

At all times material to this action, Defendant Northlake was[1] located at 2135 Northlake Parkway, Tucker, Georgia 30084. [Doc. 1 ¶ 17.] Northlake provided pediatrics, family medicine, and women's care for patients. [*Id.* ¶ 16.]

Defendant Singh was the owner and registered agent of Northlake. [Doc. 1 ¶ 10; *see* Doc. 12 ¶ 4.] Singh was the licensed doctor at Northlake's practice. [Doc. 1 ¶ 10.] At all times material hereto, Singh exercised control over significant aspects of the operations of Northlake, including employee compensation. [*Id.*] Singh personally played a substantial role in causing the FLSA violations set forth in this Complaint. [*Id.*]

At all times material hereto, Defendants had at least $500,000 of annual gross volume of sales made or business done. [Doc. 1 ¶ 14.] Defendants had two or more employees who handled, sold, or otherwise worked on goods or materials that were moved in or produced for interstate commerce. [*Id.* ¶ 13.] Northlake and Singh were Plaintiff's "joint employer" for purposes of the FLSA. [*Id.* ¶ 12.]

Plaintiff was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States. [Doc. 1 ¶ 7.] Plaintiff is further covered by §§ 203 and 207 of the FLSA for the period in which she was employed by Defendants. [*Id.*] Plaintiff's position as a billing

---

[1] On December 7, 2016, Northlake administratively dissolved. [Doc. 1 ¶ 9.]

coordinator required her to work with goods and materials that have moved in or produced for commerce. [*Id.* ¶ 30; Doc. 12 ¶ 3.] Plaintiff handled, sold, and/or worked with goods or materials that have been moved in or produced for interstate commerce. [Doc. 1 ¶ 11.]

Defendants agreed to pay Plaintiff at the rate of $7.25 per hour for each hour worked. [Doc. 1 ¶ 21; Doc. 12 ¶ 5.] Defendants continually fell behind in payments and failed to pay Plaintiff at all for a total of 364.50 hours. [Doc. 1 ¶ 22; Doc. 12 ¶¶ 6-7.] Plaintiff repeatedly asked Defendants for her wages, but Defendants refused. [Doc. 1 ¶ 24.] Instead of paying Plaintiff, Defendants terminated Plaintiff for asking for her wages. [*Id.* ¶ 25.]

Defendants were aware that Plaintiff did not receive proper compensation as required by federal law. [Doc. 1 ¶ 23; *see* Doc. 12 ¶ 9.] In fact, Plaintiff notified Defendants several times about the missing payments, but Defendants continued to withhold her pay, in bad faith. [Doc. 1 ¶ 23.] Thus, on June 13, 2017, when Northlake terminated Plaintiff's employment, Defendants owed Plaintiff $2,642.63 in unpaid wages. [*Id.*; Doc. 12 ¶ 8.]

Plaintiff filed her Complaint and Summons against Defendants on October 5, 2017. [Doc. 1.] On October 12, 2017, Plaintiff served the Complaint and Summons on Defendants. [Doc. 6.] Defendants' Answer or responsive pleading

was due by November 2, 2017, but to date, both Defendants have failed to plead or otherwise defend this action. On March 13, 2018, the Clerk of Court entered default as to Northlake and Singh.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55 allows this Court to enter default judgment in two ways. First, Rule 55(b)(1) permits the clerk to enter default judgment without a hearing on claims for which a plaintiff shows a *prima facie* case in the complaint "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). Yet, "a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *KPS & Assocs., Inc. v. Designs By FMC Inc.*, 318 F. 3d 1, 18 (1st Cir. 2003). Second, Rule 55(b)(2) states that in "all other cases," a court may, but need not necessarily, conduct hearings before entering or effectuating judgment. Fed. R. Civ. P.55(b)(2); *see S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Specifically, a hearing is not required "where all essential evidence is already of record." *Id.* at 1232 n.13 (citing *SEC v. First Financial Group, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981)).

"A default entered pursuant to Fed. R. Civ. P. 55(a) constitutes an admission of all well-pleaded factual allegations contained in a complaint." *Towns v. Se.*

4

*Shuttle Servs., Inc.*, 1:14-CV-1337-AT, 2014 WL 12625945, at *1 (N.D. Ga. Aug. 14, 2014) (citing *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

### III.  DISCUSSION

Default judgment is warranted because Plaintiff's well-pleaded Complaint states a *prima facie* case for Defendant's violation of the FLSA's minimum wages provision.[2] Additionally, the amount of damages is a sum that can be made certain by computation.

a.  **Plaintiff's Well-Pleaded Complaint States a *Prima Facie* Case for Defendants' Liability Under the FLSA.**

   1.  **Defendants are Subject to the FLSA Because They Had Employees Engaged in Interstate Commerce and They Had At Least $500,000 in Annual Gross Income.**

A plaintiff can demonstrate coverage under the FLSA in two ways: enterprise or individual. *Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). The FLSA's enterprise coverage applies when an employer has "(1) employees engaged in [interstate] commerce or handling goods moved in [interstate] commerce, and (2) annual gross volume of sales or business

---

[2] Plaintiff's motion does not seek default judgment on Count II: Violation of FLSA (Interference) or Count III: Violation of FLSA (Retaliation).

done of at least $500,000." *Jones v. Freedom Rain, TLC*, 401 Fed.Appx. 409, 411 (11th Cir. 2010); *see* 29 U.S.C. §§ 203(b), 203(s)(1)(A), 207(a)(1). Additionally, "an employee may claim 'individual coverage' if he regularly and 'directly participat[es] in the actual movement of persons or things in interstate commerce.'" *Josendis*, 662 F.3d at 1298 (alteration original) (citing *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006)).

Here, both enterprise and individual coverage apply. Enterprise coverage applies because Defendants had at least $500,000 of annual gross volume of sales made or business done. [Doc. 1 ¶ 14.] Additionally, Defendants had two or more employees who handled, sold, or otherwise worked on goods or materials that were moved in or produced for interstate commerce. [*Id.* ¶ 13.]

Also, individual coverage applies to Plaintiff. Plaintiff handled, sold, and/or worked with goods or materials that have been moved in or produced for interstate commerce. [Doc. 1 ¶ 11.] Thus, she was engaged in interstate commerce during her employment with Defendants. [*Id.*]

Accordingly, the FLSA applies and Plaintiff is covered for her minimum wage claim.

2. **Defendants are Liable Under the FLSA for Failing to Pay Plaintiff the Statutory Minimum Wage.**

"The Fair Labor Standards Act of 1938 requires employers who meet its preconditions to pay workers a minimum wage." *Polycarpe v. E & S Landscaping Serv.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (citing 29 U.S.C. § 206(a)). Since July 24, 2009, the FLSA minimum hourly wage has been $7.25. Pub. L. No. 110-28, 121 Stat. 189, approved May 25, 2007 (the Fair Minimum Wage Act of 2007).

Here, Defendants employed Plaintiff from August 19, 2016, until June 13, 2017. [Doc. 1 ¶ 15; Doc. 12 ¶ 3.] Defendants agreed to pay Plaintiff at the rate of $7.25 per hour for each hour worked. [Doc. 1 ¶ 21; Doc. 12 ¶ 5.] Defendants continually fell behind in payments and failed to pay Plaintiff at all for a total of 364.50 hours. [Doc. 1 ¶ 22; Doc. 12 ¶¶ 6-7.] Plaintiff repeatedly asked Defendants for her wages. [Doc. 1 ¶ 24.] Defendants refused to pay Plaintiff her unpaid wages. [*Id.*; Doc. 12 ¶ 7.] Thus, Defendants have violated the FLSA by failing to pay Plaintiff her minimum wage for hours worked.

b.  **The Amount of Plaintiff's Damages for Unpaid Wages is a Sum that Can Be Made Certain By Computation.**

Under Section 216 of the FLSA, 29 U.S.C. § 216(b), an employer who violates the minimum wage or maximum hour requirements "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or

7

their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." *Cipriano-Pioquinto v. TFS Facility Servs. Georgia, LLC*, 1:15-CV-2055-AT, 2015 WL 13309939, at *2 (N.D. Ga. Sept. 11, 2015) (citation omitted); *see Spires v. Ben Hill County*, 980 F. 2d 683, 689 (11th Cir. 1993) ("[L]iquidated damages are mandatory absent a showing of good faith.").

In an FLSA action,

> [W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden [of proving damages] if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.

*Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)); *see, e.g., Towns v. Se. Shuttle Servs., Inc.*, No. 1:14-CV-1337-AT, 2014 WL 12622447, at *2-5 (N.D. Ga. Oct. 3, 2014) (finding plaintiffs' affidavits sufficient to carry burden of proof regarding the amount of overtime compensation due under the FLSA).

Here, records from Defendants are not available, as Defendants have failed to appear. Thus, Plaintiff offers her affidavit showing she worked for 364.50 hours

at a rate of $7.25 per hour. [Doc. 12 ¶¶ 5, 7.] Accordingly, Defendants owe Plaintiff $2,642.63 in unpaid wages. [*Id.* ¶ 8.] Additionally, Defendants owe an equal $2,642.63 in liquidated damages per 29 U.S.C. § 216(b).

c.  **Plaintiff's Attorney's Fees in the Amount of $8,027.00 and Costs in the Amount of $881.77.**

Under the FLSA, prevailing plaintiffs must be awarded reasonable attorney's fees and costs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *see Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) ("The language of the statute contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'").

To determine the appropriate award of attorney's fees, the "court must multiply the number of hours reasonably expended by a reasonable hourly rate." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (citing *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). "[A] movant may meet his burden by producing either direct evidence of rates charged under similar circumstances *or opinion evidence* of reasonable rates." *Id.* at 1396 (emphasis original) (citing *Norman*, 836 F.2d at 1299). "The court, either

trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citation omitted); *see Maner v. Linkan LLC*, 602 Fed.Appx. 489, 493 (11th Cir. 2015) ("In establishing a reasonable hourly rate, the district court may [also] rely on its own expertise."). "It is 'perfectly proper to award attorney's fees based solely on affidavits in the records.'" *Gonzalez v. J.C. Penney Corp.*, 209 Fed. Appx. 867, 870 (11th Cir. 2006) (citing *Norman*, 836 F.2d at 1303).

As of the filing of her motion, Plaintiff's counsel devoted 27.90 hours to this case, which equates to $8,027.00 in attorneys' fees. [Doc. 11-1 ¶ 9.] All of the work was reasonable and necessary. A detailed itemization of the time spent litigating this case is attached to Cohan's Affidavit [Doc. 11-1] as Exhibit A. As of the filing of this motion, the total costs of this case are $881.77. A detailed itemization of the costs spent litigating this case is attached to Cohan's Affidavit [Doc. 11-1] as Exhibit B. [*Id.* ¶ 12.] The total claim for this case is $14,194.03, which is composed of Plaintiff's claim for unpaid wages ($2,642.63), statutory liquidated damages ($2,642.63), attorneys' fees ($8,027.00), and costs ($881.77).

## IV.   CONCLUSION

For the above stated reasons, Plaintiff's Motion for Default Judgment [Doc. 11] is hereby **GRANTED**.  Accordingly, the Clerk is hereby **DIRECTED** to enter judgment in Plaintiff's favor and against Defendants.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff recover from Defendants Inder Paul Singh and Northlake Family Medicine, P.C., jointly and severally, a total of $14,194.03 for:

1. Unpaid wages totaling $2,642.63,
2. Statutory liquidated damages totaling $2,642.63,
3. Attorneys' fees totaling $8,027.00,
4. Costs totaling $881.77, and
5. Post-judgment interest accruing at the legal rate.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 10th day of April, 2018.

_____
United States District Judge